UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| MICHAEL H. PALMER ) | |
| ) | |
| v. ) | NO. 2:07-CV-30 |
| ) | |
| STATE OF TENNESSEE ) | |

**MEMORANDUM OPINION**

Michael H. Palmer brings this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging various convictions in Sullivan County, Tennessee, obtained on April 12, 2006 and May 3, 2006, upon his pleas of guilty or nolo contendere. For these offenses, he received suspended sentences of 11-months and twenty-nine days. The petitioner raises several grounds for relief in his petition.

A petitioner who attacks his state criminal conviction must completely exhaust all his federal claims by fully and fairly presenting them to the state court before seeking federal habeas corpus relief. *See* 28 U.S.C. § 2254(b) and(c); *Rose v. Lundy*, 455 U.S. 509 (1982). It is a petitioner's burden to show exhaustion of available state court remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994).

In this case, the petitioner asserts that, through his attorney, he filed a motion for a new trial, but received no response. He also asserts that he filed appeals in the lower state courts and the state appellate criminal court, but that the lower courts refused to recognize his filings and that, due to unspecified corruption on the part of the Court Clerk

(of the trial court), he was advised that his filings in the Court of Criminal Appeals were done incorrectly.

He further avers that he raised these issues through a post-conviction petition and that the type of petitions he filed were a motion for a new trial; five motions to set aside the judgment (purportedly, he received only one response to those motions); a petition for a writ of habeas corpus; and a petition for a new trial. The one response was in the Clerk's own handwriting stating the Judge had not seen the motion and that he did not have time to see the filings.[1] He claims that he never received a response to the twenty petitions and twenty motions he filed in Sullivan County and that, while he appealed his post-conviction case to the "Criminal Court of Appeals," he is unsure of the date of the court's decision.

Among the numerous documents attached to the petition is a "Notice of "Court Order Filed." The notice informs the petitioner that the Clerk has filed an order of the Court of Criminal Appeals, which denies his motion to stay; dismisses his appeal from the general sessions court; and assesses costs to the petitioner. The Notice indicates that the Order was filed on August 3, 2006.

The State of Tennessee offers a post-conviction remedy to those who wish to obtain collateral review of their convictions. *See* Tenn. Code. Ann. § 40-30-101, *et seq*.

---

[1] Included in the documents accompanying the § 2254 petition is letter from the petitioner to the Circuit Court Clerk of Sullivan County. The letter requests that a stamped copy of an enclosed filing be returned to the petitioner. At the bottom of the letter is this handwritten notation: "Filed & Mailed back to Mr. Palmer 9/11/06 per his request although Judge hasn't seen nor signed yet." [Attach., "Copies of Stamped Previous Filings"].

There is nothing to indicate that filing motions or petitions for a new trial; motions to set aside the judgment; or habeas corpus petitions suffices for a properly filed petition for post-conviction relief. The Court concludes, based on the petitioner's allegations concerning exhaustion of state remedies and documents accompanying his § 2254 petition, that the petitioner has failed to show exhaustion of state remedies and, therefore, his petition will be dismissed *sua sponte* without prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims.") (citations omitted).[2]

One other matter remains for discussion—the petitioner's motion to dismiss or stay his civil rights case. [Doc. 2]. Because this action is pending before the Honorable J. Ronnie Greer, United States District Judge, *Palmer v. Morrell*, No. 2:06-186 (Greer, J., presiding), and because this Court cannot act on a motion in a case over which it does not preside, the motion will be terminated.[3]

Lastly, the Court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right because jurists of reason would not disagree about the correctness of this procedural ruling with regard to exhaustion of the federal claims. *See*

---

[2] The petitioner's previous § 2254 application likewise was dismissed on exhaustion grounds. *See Palmer v. State of Tennessee*, No. 2:06-cv-132 (E.D. Tenn. 2006) (order of dismissal, July 5, 2006).

[3] The motion to dismiss has also been docketed in the petitioner's civil case. [Doc. 5 in 2:06-cv-186].

*Slack v. McDaniel,* 529 U.S. 473 (2000). Thus, the Court will **DENY** issuance of a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

A separate order will enter.

ENTER:

                                                s/ Leon Jordan
                                            United States District Judge